IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANIEL LEE MELLINGER,            )
                                 )
         Petitioner,             )
                                 )
                                 )    CIV-14-1130-R
v.                               )
                                 )
WARDEN KASTNER,                  )
                                 )
         Respondent.             )

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent has responded to the Petition and filed the relevant records. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

At the time Petitioner filed the instant action, he was being detained at the Federal Transfer Center in Oklahoma City, Oklahoma. Petitioner alleged in the Petition that the United States Parole Commission ("USPC") had taken custody of him pursuant to a parole violator warrant issued on July 13, 1999, and that the "USPC has exceeded the 90 days to provide a revocation hearing" in violation of his due process rights.

In an accompanying "Motion for Immediate Release" filed the same day as the Petition (Doc. # 2), Petitioner alleged that he was released from the custody of the United

1

States Bureau of Prisons ("BOP") on July 18, 2014, and that the USPC executed its parole violator warrant at that time and obtained custody of Petitioner. He alleged that a parole revocation hearing was scheduled to be conducted in November 2014, well beyond the 90-time limit prescribed in 18 U.S.C. § 4214©[1] for holding a parole revocation hearing following execution of a warrant. Petitioner further alleges that revocation of his parole "is automatic due to his new conviction, which he was released from on July 18." He alleges that he previously requested that the USPC revoke his parole and sentence him to "the maximum term on his violation to save them future paper work" but that USPC chose to delay execution of the warrant and exceed the 90-day time period for holding a parole revocation hearing "to keep Petitioner locked up."

Respondent has responded to the Petition. Respondent concedes that although there was some delay in providing Petitioner a revocation hearing, the hearing has now been conducted, Petitioner's parole was revoked, and Petitioner has not shown that he was prejudiced by the delay. Although Petitioner was given time to reply to the Response, he has not done so within the time period established for filing a reply. Petitioner filed a letter

---

[1] Effective November 1, 1987, the Sentencing Reform Act of 1984, Pub.L. No. 98-473, §212(a)(2), 98 Stat. 1837, 1999 (1984), "eliminated most forms of parole in favor of supervised release, a form of postconfinement monitoring overseen by the sentencing court, rather than the Parole Commission." Johnson v. United States, 529 U.S. 694, 696-97 (2000). Since that time, Congress has extended the federal parole system multiple times to allow the Commission to continue monitoring individuals, like Petitioner, who were sentenced for offenses committed before November 1, 1987. See, e.g., United States Parole Commission Extension Act of 2013, Pub.L. No. 113-47, § 2, 127 Stat. 572 (2013)(extending Parole Commissioner's authority through 2018). Title 18 U.S.C. § 4214© provides that an alleged parole violator "shall receive a revocation hearing within ninety days of the date" on which he was taken into custody on the parole violator warrant.

2

addressed to the Clerk of the Court on December 12, 2014, stating that he had not received Respondent's Response. The letter was dated December 8, 2014. On December 17, 2014, Respondent Kastner filed a Notice to the Court in which Respondent stated that the record of the Federal Correctional Institution in Phoenix, Arizona, where Petitioner was being held, indicated that the Response was delivered to Petitioner by unit staff on December 8, 2014. Petitioner has not sought an extension of time to reply to the Response.

I. Petitioner's History

On September 30, 1985, Petitioner entered guilty pleas to Bank Robbery (four charges), Savings and Loan Robbery, and Larceny and Theft of a Bank charges in six criminal cases in the United States District Court for the Central District of California. He received concurrent sentences of 18 years of imprisonment in each of the robbery cases and a concurrent sentence of 10 years of imprisonment in the larceny case. Response, Att. 2 (Judgment and Probation/Commitment Order, Case No. CR-85-268-WJR (Bank Robbery); Judgment and Probation/Commitment Order, CR-85-818-WJR (Savings and Loan Robbery); Judgment and Probation/Commitment Order, CR-85-833-WJR (Bank Robbery); Judgment and Probation/Commitment Order, CR-85-834-WJR (Bank Robbery); Judgment and Probation/Commitment Order, CR-85-871-WJR (Bank Robbery); Judgment and Probation/Commitment Order, CR-85-873-WJR (Larceny and Theft of a Bank)).

Petitioner was paroled from these sentences on February 9, 1999, with a total of 1,932 days remaining to be served. Response, Att. 3. The USPC issued a parole violator warrant on July 13, 1999. Response, Att. 5. The warrant application charged that Petitioner had

3

violated the terms of his parole by leaving the district without permission and failing to report a change in his residence. Response, Att. 4. The United States Marshal in the Northern District of California was provided a copy of the warrant application and warrant and directed not to execute the warrant if Petitioner was in the custody of federal or state authorities. Response, Att. 6.

A judgment of conviction was entered against Petitioner in the United States District Court for the Northern District of California on January 28, 2000, for the offense of Armed Bank Robbery. Response, Att. 7. For this conviction, Petitioner was sentenced to serve a 188-month term of imprisonment. In May 2007, the USPC's parole violator warrant was placed as a detainer with the Warden of the United States Penitentiary in Marion, Illinois. Response, Att. 8.

A supplement to the parole violator warrant was issued by USPC on May 15, 2007, charging Petitioner with the additional parole violation of "Law Violation - Armed Bank Robbery." Response, Att. 10. The Bureau of Prisons notified the USPC that Petitioner was scheduled for release from his most recent sentence on July 18, 2014. Response, Att. 11. Upon Petitioner's release from BOP custody, the warrant was executed and Petitioner was arrested on July 18, 2014, at the Federal Correctional Institution in Phoenix, Arizona. Response, Att. 12.

On August 5, 2014, a supplement to the parole violator warrant was issued by USPC charging Petitioner with the additional parole violation of "Law Violation. Possession of a Prohibited Object by an Inmate." Response, Att. 13. The charge relates to a new conviction

4

entered against Petitioner in the United States District Court for the Eastern District of Texas on March 7, 2002. Petitioner was sentenced to a 15-month term of imprisonment followed by three years supervised release, to run consecutively to the sentence he was then serving.

On November 13, 2014, a revocation hearing was conducted at the Federal Transfer Center in Oklahoma City, Oklahoma, with respect to the parole violator warrant and supplements thereto. Petitioner admitted each of the charges and was allowed to provide statements in his defense. The hearing examiner found that Petitioner had violated the conditions of his parole with respect to each of the charges. Revocation of Petitioner's parole was recommended, with his sentence to be continued to expiration, with none of the time spent on parole to be credited to the revocation sentence. The hearing examiner provided a lengthy explanation of reasons for the decision in the Revocation Hearing Summary. Response, Att. 14.

II. Analysis

It is not clear whether Petitioner is asserting a due process violation resulting from the USPC's placement of its parole violator warrant as a detainer pending his release from his new sentence. Even construing the Petition to assert such a due process claim, the USPC did not violate Petitioner's due process rights by placing the parole violator warrant as a detainer because Petitioner was not entitled to a hearing until the parole violator warrant was executed. See Moody v. Daggett, 429 U.S. 78, 86-89 (1976).

At the conclusion of the Petitioner's revocation hearing, the USPC exercised its discretion to revoke Petitioner's parole. Petitioner has not challenged the exercise of that

discretion. Nor could he plausibly do so given the admissions he made during the hearing and the findings of the hearing examiner.

Petitioner has alleged in his Petition that the USPC violated his due process rights by not complying with the statutory deadline prescribed in 18 U.S.C. § 4214© for holding a parole revocation hearing. The record shows that Petitioner was taken into custody on the warrant in July 2014 and that the parole revocation hearing was conducted approximately 120 days later in November 2014.

Because Petitioner has been given a parole revocation hearing and he has not alleged or shown any prejudice as a result of the short delay in holding the hearing, he is not entitled to federal habeas relief. See Nabors v. Warden, U.S. Penitentiary, 989 F.2d 507 (Table), 1993 WL 55940, *3 (10th Cir. 1993)(unpublished op.)("[I]n the absence of prejudice to the petitioner, the failure to hold a timely dispositional review or parole revocation hearing is . . . not a basis for habeas relief.")(citing cases); Howard v. Caufield, 765 F.3d 1, 11-12 (D.C.Cir. 2014)(USPC's failure to meet statutory deadline for holding revocation hearing not grounds for habeas relief unless delay "is so prejudicial to the parolee that it violates his due process rights").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___February 4th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   15th   day of   January  , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE